UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

PAXTON LATHAM,

                Petitioner,                Case No. 1:07-cv-359

v.                                            Honorable Robert Holmes Bell

BARRY DAVIS,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Plaintiff is currently incarcerated in Newberry Correctional Facility.  Petitioner was convicted by a jury in Kent County Circuit Court on November 11, 2003, for one count of second degree murder, MICH. COMP. LAWS § 750.312, and possessing a firearm in the commission of a felony, MICH. COMP. LAWS § 750.227b.  Petitioner was sentenced to serve a term of incarceration of twenty-three to sixty years and two years, respectively.  (Docket #1, Pet. at 1.)

Plaintiff appealed his sentence to the Michigan Court of Appeals on September 14, 2004, claiming that the trial court erred in allowing testimony from two witnesses that they were each threatened or "jumped" by people Petitioner knew shortly before the trial began.  *People v. Latham*, No. 254844, 2005 WL 2862009, at *1 (Mich. Ct. App. Nov. 1, 2005).  The Michigan Court of Appeals affirmed the trial court in an unpublished opinion on November 1, 2005, holding that the contested testimony "was admitted for the sole purpose of assessing the witnesses' credibility." *Id.* Petitioner did not seek leave to appeal in the Michigan Supreme Court, file a petition for certiorari in the United States Supreme Court or file a motion for relief from judgment pursuant to MICH. CT. R. 6.500.  (Pet. at 2-3.)  Petitioner now raises the same ground in his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

II.      Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531

U.S. 4, 8 (2000) (defining "properly filed").

> In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year

limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that

provision, the one-year limitations period runs from "the date on which the judgment became final

by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

§ 2244(d)(1)(A).  According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals.  Petitioner did not appeal his conviction to the Michigan Supreme Court or petition for certiorari to the United States Supreme Court.

The Sixth Circuit has held in a case filed pursuant to § 2255, that when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered, *see United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001)), or on the date on which the time for filing such appeal expired, *see Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).  *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). If a defendant did not pursue a direct appeal, there is no judgment by the Court of Appeals from which he could seek review in the Supreme Court, so the 90-day period for filing a petition for writ of habeas corpus is not relevant and may not be counted for purposes of calculating the one-year statute of limitations.  *Id.*

Section 2244(d)(1) is more specific than § 2255, directing that the time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." (Emphasis added.) Section 2255, in contrast, states that the period of limitations begins to run from "the date on which the judgment of conviction becomes final."  Under the language of § 2244(d)(1), Petitioner's time for filing a  petition under § 2254 clearly includes the time for seeking review to the Michigan Supreme Court.  However, the reasoning of *Cottage* strongly suggests that the time for filing a petition does not include the ninety-day period for seeking  certiorari in the United States Supreme Court.  *Cottage*, 307 F.3d at 499.  Because Petitioner failed to file an appeal to the Michigan Supreme Court, no judgment exists from which he could seek further review in the United States

Supreme Court since the Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ."  28 U.S.C. § 1257(a).  Applying *Cottage*, I conclude that a judgment becomes final for purposes of the statute of limitations applicable to petitions under § 2254 on the last date for filing that level of appeal at which Petitioner defaulted, in this case, his application for leave to appeal to the Michigan Supreme Court. *Id.  Accord Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)).  Under Michigan law, a delayed application for leave to appeal to the Michigan Supreme Court may not be filed more than 56 days after the Court of Appeals decision.  MICH. CT. R. 7.302(C)(2). The 56-day period expired on December 28, 2005. *See Bronaugh*, 2000 WL 1847861, at *3 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).

Petitioner had one year from December 28, 2005, to file his habeas application.  Petitioner filed on April 9, 2007.  Obviously, he filed more than one year after the time for direct review expired.  Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th

Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009.  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 126 S. Ct. at 1684.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied

because it is barred by the one-year statute of limitations.  I further recommend that a certificate of

appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Entered:  June 28, 2007                                 /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of
service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and
responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely
objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d
947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).